United States District Court
Middle District of Pennsylvania

**FILED SCRANTON**
APR 25 2025
PER _____ /s/ _____
DEPUTY CLERK

MariaJacqueline Dicent
a/k/a Maria J. Disen
a/k/a Maria Jimenez Disen-Colon
        Plaintiff
        v.
Boncidium, LLC, Oak Harbor Capital,
Lucas Frank, Roger Fay, Esquire
        Defendants

**3:CV-25-0732**

: Request for Jury Trial

## Complaint

Plaintiff
MariaJacqueline Dicent
2149 Titania Rd
Tobyhanna, PA 18466
Mariajacquelinedicent@gmail.com

---

Address for Defendants on the Lien
Oak Harbor Capital - Boncidium, LLC, - Magerick, LLC
4530 S. Eastern Avenue, Suite 10
Las Vegas, NV 89119
(855) 330-9520

Corporate Address for Defendants:
℅ Oak Harbor Capital, LLC
1415 Western Ave, Suite 700
Seattle, Washington 98101
info@oakharborcapital.com

Roger Fay, Esq. ID No. 315987
Albertelli Law
14000 Commerce Parkway, Suite H
Mount Laurel, NJ 08054
(856) 724-1888

1

United States District Court
Middle District of Pennsylvania

MariaJacqueline Dicent
a/k/a Maria J. Disen
a/k/a Maria Jimenez Disen-Colon
      Plaintiff          :

       v.              :

Boncidium, LLC, Oak Harbor Capital,
Lucas Frank, Roger Fay, Esquire      :
       Defendants

                 :Request for Jury Trial

Table of Authority

Cases

1. Heintz v. Jenkins, 514 U.S.291, 292 (1995) ......................Page, 13

2. Heller v. Graf, 488 F. Supp. 2d 686, 691 N.D. Ill. (2007).......Page, 13

3. Ramirez v. Apex Financial Management LLC 567, F. Supp 2d. 1035, 1042 (N.D.Ill.2008) ................................................. Page, 10

4. Taggart v. Lorenzen, 587 U.S. (2019)..........................Page, 8

5. Two Islands Dev. Corp. v. Clarke, 239 So. 3d 115, 127 (Fla. 3d DCA 2018).................................................................Pages, 10, 14

6. Van Loan v. Heather Hills, 216 So. 3d 18, 24 (Fla. 2d DCA 2016).................................................................Page, 9

7. Veach v. Sheeks, 316 F.3d 690, 693 (7th 2003) .............. Page, 33

Statutes

8. 28 U.S.C. § 1654.................................................Page, 5

9. 28 USC § 1331..................................................Page, 5

10. 15 U.S.C. §§ 1692e, 1692f, 1692g. ..................... Page, 8, 11-12, 14

11. 15 U.S.C. § 1692k............................................Page, 14

12. 15 U.S. C. § 1692e (2) (A) (5)(6) (A) (B)(8) (9) (10)(12) (13) (14).
..................................................................Pages, 8, 11-13, 14

13. 18 U.S.C. § 1001.............................................. Page, 7

14. Federal Rule of Civil Procedure 38.....................Page, 7, 9

United States District Court
Middle District of Pennsylvania

MariaJacqueline Dicent
a/k/a Maria J. Disen
a/k/a Maria Jimenez Disen-Colon
    Plaintiff

    v.

Boncidium, LLC, Oak Harbor Capital,
Lucas Frank, Roger Fay, Esquire
    Defendants

: Request for Jury Trial

## Complaint

### I. Introduction

**1.** I, MariaJacqueline Dicent is submitting this Complaint as a pro se litigant with a request for a Jury Trial. (28 U.S.C. § 1654) (FRCP Rule 38) against Boncidium, LLC, Roger Fay, Esq. license No. 315987, Oak Harbor Capital and Lucas Frank, Collateral Manager for Oak Harbor Capitol.

**2.** The Defendants have violated the Fair Debt Collection Act, Slander the Title of my property by filing a lien against my property with no legal basis on March 4, 2025.

**3.** The Defendants have intentionally inflicted Intentional Emotional Distress with their unconscious acts. Oak Harbor Capital is a company that invests for clients.

**4.** The Defendants created "smoky mirrors" to file a lien against my property. The Defendant created this in an effort for them not to lose money, since my property has a Bankruptcy discharge.

**5.** The Defendants have a Ponzi Scheme. The Defendants created a "front" just like any criminal enterprise. The Defendants can be held criminally accountable under the RICO law, besides finally holding them accountable in this Honorable Court. The Defendants are tricky and running out of tricks to rob me of my home and equity.

## II. Jurisdiction

**6.** I bring forth the Complaint to the United States Federal Court for the Middle District of Pennsylvania, which holds jurisdiction under 28 U.S.C § 1331, for Intentional Emotional Distress, Slander of Title, Harassment and violation of the Fair Debt Collection Practice Act.

**7.** I am the real owner of Lot 1519 Titania Rd. Tobyhanna, PA 18466 with a Chalet on the lot. I purchased the Chalet with the land included on June 23, 2000. The address changed to a physical address of 2149 Titania Rd. Tobyhanna, PA 18466 on or about August, 2010. However, the description in the Deed remained the same. (Exhibit A, Pages 1-4).

## III. Facts

8. On March 4, 2025, Roger Fay, Esq, license No. 315987 Debt Collector and attorney for Boncidium, LLC, Oak Harbor Capital and Lucas Frank, Collateral Manager for Oak Harbor Capital submitted false information to Monroe County Recorder of Deeds to trick the court and force a Sheriff sale for my property.

9. The Defendants submitted a notarized FAKE transfer of lien for my property in the name of Boncidium, LLC. This company was established on November 16, 2023. It is governed by the New York Department of State with a document number of 7192489 and based in Seattle, Washington. The address where the Lien was prepared and needed to be returned to is % Oak Harbor Capital, LLC, 1415 Western Ave, Suite 700, Seattle, WA, 98101 (information found on upper left corner). (Exhibit C, Page 9)

10. Land Home Financial Services, Inc. as told in two agreed recorded conversations (Exhibit D, Pages 10-12, audio available) Land Home Financial Services, Inc. is still the company along with Magerick, LLC that has the Note and sent a bill asking for $26, 325.00 with a due date of April 1, 2025 and late fees would be assessed as of April 17, 2025. (Exhibit E, Page 13) Boncidium, LLC does not have a legal right to my property. (Exhibit D, Pages 10-12)

11. Roger Fay, Esq. license No. 315987, Boncidium, LLC, Oak Harbor Capital and Lucas Frank, Collateral Manager for Oak Harbor Capitol, the Defendants,

violated 18 U.S.C. § 1001 (a) (1) (2) (3). It states that whoever "falsifies, conceals, or covers up by any trick, scheme, or device a material fact" with complete knowledge of their actions are in violation. The Defendants falsified, concealed and created and covered a scheme to rob me of my property and equity by abusing the legal system and submitting false information. (Exhibit C, Page 9)

12. Boncidium, LLC is an investor as well as Magerick, LLC under Oak Harbor, Capital. Boncidium, LLC is not the legal lien holder. This is a Ponzi Scheme created by the Defendant to be able to sheriff sell my home and steal my equity and home.

13. On April 2, 2025 and April 21, 2025 an agreed recorded conversation with Land Home Financial Services, Inc. states that Boncidium, LLC has nothing to do with my property. (Exhibit D, Pages 92-94)

IV. Statement of Issues

14. Whether the Defendants used "deceptive or misleading representation" regarding the collection of the debt in dispute.

Short Answer: Yes.

15. Whether the Defendants used misleading statements of the character of the amount and status of the debt.

Short Answer: Yes.

16. Whether the Defendants, "Slander the Title"

7

Short Answer: Yes.

17. Whether the Defendants have inflicted Intentional Emotional Distress on me.

Short Answer: Yes. Inhumanely and cruelly done.

## V. Violations

18. Count I. - Violation of the Fair Debt Collection Practice Act

19. Count II - Intentional Infliction of Emotional Distress

20. Count III - Slander of Title

21. Count IV - Harassment

## VI. Rule

22. In reference to Count I, the Defendants have violated Fair Debt Collection Practice Act due to the following: (a) The Defendants recorded a lien against my property with the name Boncidium, LLC. Roger Fay, Esq. has manipulated and represented the mortgage companies one way or another since 2019, violating 15 U.S. C. § 1692e (b) (c) by misrepresenting the "legal status of the debt" (d) the Defendants are out of compliance with Fair Debt Collection Practice Act, 15 U.S. C. § 1692e (2) (A) (5)(6) (A) (B)(8) (9) (10) (11) (13) due to this scam they have subjected me to.

23. Regarding Count II, the defendant has acted intentionally and recklessly; 2) defendant's act outrageous and extreme and 3) such act has caused the

emotional distress. "An act is outrageous and extreme if it exceeds all bounds of decency tolerated in a civilized society." The Defendants have violated every element of the definition of Intentional Infliction of Emotional Distress. These acts are outrageous, cruel, inhumane and illegal. The Intentional Infliction of Emotional Distress is a matter usually decided by a Jury. Therefore, I am asking for a jury trial according to Rule 38 as declared by the 7th Amendment.

24. On Count III - Slander of Title, the Defendants have Slander the Title of my property. The element for the violation is as follows: The "plaintiff must show that (1) a published or communicated a falsehood to a third party, (2) the defendant knew or reasonably should have known that the falsehood would likely result in inducing others not to deal with the plaintiff, (3) the falsehood did materially and substantially induce others not to deal with the plaintiff, and (4) the falsehood resulted in damages that were proximately caused by the published falsehood." Van Loan v. Heather Hills Prop. Owners Assn, Inc., 216 So. 3d 18, 24 (Fla. 2d DCA 2016).

25. The Defendants Slandered the Title when they recorded a Mortgage Lien in "falsehood." The property has a cloudy title and the "false and malicious statement, oral and written, made in disparagement" of the title of the property caused "special damages" the house cannot sell with a cloudy Title. I have lost over and over again the opportunity to sell the house and even through this

distortion pay the right amount to the right Note Holder and avoid this tortuous abuse to my person. Two Islands Dev. Corp. v. Clarke, 239 So. 3d 115, 127 (Fla. 3d DCA 2018)

**26.** Count IV. Harassment – The debt was discharged at the United States Department Bankruptcy Court for the Middle District of Pennsylvania, on October 24, 2024. (Exhibit E, 14-15) (Ramirez v. Apex Financial Management LLC 567, F. Supp 2d. 1035, 1042) (Taggart v. Lorenzen, 587 U.S. (2019) There is no fair ground as to whether the Defendants can collect on the debt. They do not have a legal right.

VII. Analysis

**27.** The Fair Debt Collection Practice Act is a statute created to protect the consumer. Furthermore, it is geared for the least "sophisticated consumer standard." It states the "consumer must be uninformed, naive and trusting" Evaluating these two principals, the Defendants manipulated the entire legal system to scam me out of my only home.

**28.** The Fair Debt Collection Practice Act urges consumers to act as "private attorney general" to make sure the policies and civil rights are carried out. "A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt. The Defendants have intentionally fabricated, misled and used unthinkable means to change facts. (15 U.S. C. § 1692e (13)

29. The Defendants have misrepresented the legal status. Therefore, violating (15 U.S.C. § 1692e (2) (A))

30. The Defendants have used "deceptive means" to collect debt that is not owed after the discharge. (Exhibit E, Pages 14-15) (15 U.S. C. § 1692e (2) (A) Therefore, violating 15 U.S.C. § 1692e (10) (13) (14)

31. The Defendants have taken "action" against my property by recording a lien, when they legally cannot do so. (15 U.S.C § 1692e (5))

32. The Defendants are defiant and have refused to withdraw the Boncidium, LLC lien against my property in violation of 15 U.S. C. § 1692e. On the contrary, they keep drafting more illegal ways to scam me out of my property. Consequently, violating the Fair Debt Collection Practice Act and Slandering the Title of my property; creating a Cloud on the Title. 15 U.S.C. § 1692e (14)

33. The Defendants violated 15 U.S.C. § 1692e (6) states "the false representation or implication that a sale, referral or other transfer of any interest in a debt shall cause the consumer to lose any claim or defense to payment of the debt is a violation of this section." This is a "practice prohibited." 15 U.S.C § 1692e (A)(6)(B)

34. The Defendants. has refused to validate the debt and has put me through a malicious process, which is mentally stressful and abusive. Therefore, violating (15 U.S.C § 1692e (8))

35. The Defendants used written communication with false information. It "falsely represented" filing for foreclosure on October 17, 2019, violating 15U.S.C. § 1692e (9))

36. The Defendants used "deceptive means" to file a lien and collect money that they are not entitled to by the sheriff saling me home. The Defendants are in violation of Federal Rule 15 U.S. C. § 1692e (2) (A) (10) (13) (14).

VIII. Conclusion

37. The Fair Debt Collection Practice Act has been established to "protect consumers from a host of unfair, harassing and deceptive debt collection practices." Heller v. Graf, 488 F. Supp. 2d 686, 691 N.D. III. (2007)

38. The Fair Debt Collection Practice Act does not allow the debt collectors to make false representations to consumers. It forbids abusive and unfair practice. Heintz v. Jenkins, 514 U.S.C. 291, 292 (1995),

39. The Fair Debt Collection Practice Act stops unconscionable means of collection. Therefore, the Defendants are in violation of 15 U.S.C. § 1692f. It states, those debt collectors who violate its sections, the Fair Debt Collection Act,

impose civil liability in favor of the consumer that becomes their victim. Additionally, it was created to favor the consumer and protect its essence.

40. The Seventh Circuit has evaluated the "unsophisticated consumer" and has determined that "the unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting." The Defendants have fooled me. They hide facts from me and only tell me after they have accomplished malice acts; by then, I am in a mess like this and no Judge will undo it.

41. The Fair Debt Collection Practice Act reads that communication is "the conveying of information in respect to the debt directly or indirectly to any person through any medium." Including, "the conveying of information regarding the debt directly or indirectly to any person through any medium." (15 U.S.C. § 1692a (2) (A). For that reason, The Defendants cannot assert a "Bona Fide" due to the "preponderance" of the evidence.

42. The Notarized FAKE Document, the Defendants submitted states that as of November 2024, Boncidium, LLC has rights to my property, That is misleading and a false statement of facts. 15 U.S.C. § 1692e (2) (A)).

43. "The threat to take any action that cannot be legally taken" is a clear violation of the Fair Debt Practice Collection Practice Act according to 15 U.S.C.§1692e (5).

44. The Defendants Slandered the Title of my property to create a cloud on the title and make sure that I would not sell so they can rob my home and equity. With this

atrocious act, they were trying to guarantee a sheriff sale, so they could buy it and make a profit. Boncidium, LLC does not have any legal rights to my property. The "false and malicious statements, oral and written, made in disparagement of the Title of the property caused special damages. <u>Two Islands Dev. Corp. v. Clarke</u>, 239 So. 3d 115, 127 (Fla. 3d, 2018)

**45.** I am asking the United States Court for the Middle District of Pennsylvania to hold The Defendants accountable and grant relief according to the Fair Debt Collection Practice Act 15 U.S.C. § 1692k.

**46.** The Defendants want me to pay them $76, 132.22. Or they are going to enforce a sheriff sale out of this illegal submission to the Monroe County Recorder of Deeds. This willful defiance to laws, Slander of Title and the Intentional Emotional Distress violations, torture and by now ridiculously criminal. Social Media would have a feast with this one. Yet, I still trust in the United States Justice System.

**47.** As of April 21. 2025, Land Home Financial Services, Inc. stated on an agreed recorded conversation that they are the servicer and Magerick, LLC listed as the investor.

**48.** These people do this to mentally abuse and bully me. They are motivated by hate, due to vicious lies that have been circulating about me. Through this distortion and being traumatized, depressed and oppressed, I have defended myself the way one should. I have submitted everything in truthfulness, everytime.

The Defendants come up with another plan to distort the truth and confuse me to make me homeless.

**49.** At the Stock Exchange, this would be considered inside traiting. The Defendants created a "front" in order to get me out of my home. This is a Ponzi Scheme that I have reported to the FBI.

**50.** I am asking the Court to assess punitive damages, give me back a clear Title for my property and Grant any other remedies it sees fit. It is my hope that this time, they will fail, so Justice can prevail.

Respectfully submitted,

MariaJacqueline Dicent
4/25/2025

United States District Court
Middle District of Pennsylvania

MariaJacqueline Dicent
a/k/a Maria J. Disen
a/k/a Maria Jimenez Disen-Colon
                Plaintiff

         v.

Boncidium, LLC, Oak Harbor Capital,
Lucas Frank, Roger Fay, Esquire
                Defendants

: Request for Jury Trial

## Certificate of Service

I certify that a true and correct copy has been sent to the Defendants via First Class Mail and emailed to the following address:

Corporate Address for Defendants:
% Oak Harbor Capital, LLC
1415 Western Ave, Suite 700
Seattle, Washington 98101
info@oakharborcapital.com

Address for Defendants on the Lien
Oak Harbor Capital - Boncidium, LLC, - Magerick, LLC
4530 S. Eastern Avenue, Suite 10
Las Vegas, NV 89119
(855) 330-9520

Roger Fay, Esq. ID No. 315987
Albertelli Law
14000 Commerce Parkway, Suite H
Mount Laurel, NJ 08054
(856) 724-1888

*[signature] Maria Jacqueline Dicent*
*4/25/2025*