IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAJACQUELINE DICENT, | : Civ. No. 3:25-CV-732 |
| | : |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| BONCIDIUM, LLC, et al., | : |
| | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Statement of Facts and of the Case

This is a civil action filed by the *pro se* plaintiff, MariaJacqueline Dicent. (Doc. 1). Dicent filed this action on April 25, 2025, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state law claims. (*Id.*). Liberally construed, the plaintiff alleges that the defendants unlawfully placed a "fake" lien on her property, which she contends is subject to a bankruptcy discharge. (*Id.* at 6). Specifically, she appears to assert that Boncidium, LLC, the company to whom her mortgage was assigned, has no legal right to place a lien on her property. (*Id.* at 11). She alleges that this is a violation of the FDCPA, as well as slander of title, intentional infliction of emotional distress, and

harassment. (*See generally* Doc. 1). As relief, she requests punitive damages, clear title to her property, and "other remedies." (*Id.* at 15).

Along with the complaint, Dicent has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We recommend that the plaintiff's motion for leave to proceed *in forma pauperis* be granted for screening purposes only, but after consideration, we find that this complaint fails to state a claim as currently pleaded. Accordingly, we recommend that this complaint be dismissed.

II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for

3

> relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### B. This Complaint should be Dismissed.

After consideration, we conclude that the plaintiff's complaint fails to state a claim under the FDCPA. Further, because the plaintiff's federal claim fails, the court should decline to exercise supplemental

jurisdiction over the plaintiff's state law claims at this time. Accordingly, we will recommend that the complaint be dismissed.

At the outset, we note that the complaint purports to cite to supporting exhibits that are not attached to the complaint. (*See e.g.*, Doc. 1 at 6 (citing to "Exhibit D, Pages 10-12" and "Exhibit E, Page 13"). However, plaintiff attaches a "transcript" from a call she made to Land Home Financial Services, Inc., who she claims is the loan servicer, as evidence that Boncidium is not the servicer of the loan. (*See* Doc. 1-5). Other than the plaintiff's allegations that her property was discharged during bankruptcy proceedings and that Boncidium is not the lien holder, the status of the plaintiff's mortgage loan is unclear—whether the loan is in default, whether there is a lien on her property, or whether the property has been subject to a sheriff's sale, as the plaintiff claims.

More fundamentally, however, there are no facts alleged in the complaint from which we can infer that any of the defendants qualify as a "debt collector" under the FDCPA. "The Third Circuit has long recognized that the provisions of the FDCPA 'generally only apply to "debt collectors." '" *Raciti v. Rushmore Loan Management Servs.*, 412 F. Supp. 3d 462, 467 (D.N.J. 2019) (quoting *Pollice v. National Tax Funding,*

*L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (citations omitted)). The FDCPA defines "debt collector" as a person " . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition explicitly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor[.]" *Id.* § 1692a(6)(A).

Here, although the complaint purports to assert that Boncidium does not own or service the plaintiff's mortgage loan, the plaintiff has attached an exhibit that appears to indicate that Magerick, LLC, assigned the mortgage loan on the property to Boncidium in November of 2024. (Doc. 1-4 at 2). Accordingly, if there is a lien on the property and a debt owed to Boncidium, any effort by Boncidium or its agents to collect that debt would not subject them to liability under the FDCPA. *See Raciti*, 412 F. Supp. 3d at 468-69 (finding that the mortgage loan servicer collecting its own debt was not subject to the FDCPA). This is so even if a loan servicer purchases a loan that is already in default and subsequently attempts to collect. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83, 88 (2017) (concluding that loan originators and debt purchasers, alike, are excluded from the FDCPA's definition of a "debt

7

collector" because they are not collecting debts owed to another). Accordingly, whether the plaintiff brings this action against the original loan servicer or the later-assigned loan servicer, the result is the same—the entity seeking to collect its own debt is not a "debt collector" for purposes of the FDCPA.

The plaintiff's allegations that the lien placed on her property is "fake" since the property was discharged during bankruptcy proceedings are also without merit. Rather, the Supreme Court has held that while a bankruptcy discharge relieves the individual debtor of liability, the Bankruptcy Code "provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citing 11 U.S.C. §§ 522(c)(2), 524(a)(1)); *see also Tabb v. Ocwen Loan Servicing, LLC*, 798 F. App'x 726, 728 n.1 (3d Cir. 2020) (citing *Johnson* and noting that "[t]he bankruptcy discharge did not prevent the mortgage holder . . . from enforcing its mortgage lien through foreclosure."). Accordingly, even accepting the plaintiff's allegations that her property was subject to a bankruptcy discharge, this would not foreclose the servicer of her mortgage loan from enforcing a lien through foreclosure.

Accordingly, we conclude that the plaintiff's complaint, as currently pleaded, fails to state a claim against the named defendants under the FDCPA and should be dismissed. Because we have concluded that the plaintiff's federal claim fails, this court should decline to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

However, while we have concluded that Dicent's complaint fails to state an FDCPA claim at this time, recognizing that Dicent is a *pro se* litigant, we recommend that the court allow her an opportunity to amend her complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## III. Recommendation

For the foregoing reasons, IT IS RECOMMENDED THAT the plaintiff's motion for leave to proceed *in forma pauperis* be conditionally granted, but that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of May 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
